IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

H&R BLOCK TAX SERVICES LLC, )
)
    Plaintiff, )
)
v. ) Case No. 11-1099-CV-W-HFS
)
PAULA NORBY KRUEGER, )
)
    Defendant. )

**MEMORANDUM AND ORDER**

    Plaintiff (Block) sues in its home state to enforce a non-compete agreement protecting its franchisee in a town in North Dakota. Defendant Krueger, a long-time employee of the franchise, whose most recent franchise agreement was executed in 2004, became a 20% minority stockholder in a corporation that was assigned the franchise in 2010. At that time she signed one of the assignment documents as an "associate" (employee) and agreed to comply with provisions of the franchise agreement that related to associates – most notably a non-compete provision (Doc. 1-2, Exh. 1, Sec. 12). After a disagreement with the majority stockholder, Ms. Krueger left the business last July and set up a competing tax-preparer business nearby. She relies on North Dakota law prohibiting the use of non-compete agreements.[1]

    Block seeks to enjoin defendant in this litigation filed at its home office, relying in large part on a provision of the franchise agreement that authorizes it to litigate with franchisees in Missouri. Doc. 1-2, Exh. 1, Sec. 27. Defendant moves to dismiss, contending the court has no personal jurisdiction over her, as a former associate but never a franchisee. Block relies largely on its reading

---

[1] Block contends the "internal" law of Missouri controls, and trumps the defense.

of the franchise agreement, but further contends that the circumstances justify bringing defendant before the courts of this State. After consideration of the materials offered and the briefing, I conclude that defendant's status did not rise to the level of being a Block franchisee, that the franchise agreement does not waive objections by ordinary employees (associates) to long-distance litigation, and that the course of conduct described does not, as a matter of Due Process, allow Block to force defendant to defend herself here. The case will therefore be dismissed, for lack of personal jurisdiction.

In general I follow the line of reasoning and authorities offered by defendant, in her Opening brief (Doc. 13) and Reply Brief (Doc. 25). Block relies too much on claimed admissions by defendant in correspondence and on conclusory claims of others that are not consistent with the unambiguous documents. While not a major consideration, I note that Block offers no documentation suggesting that its records treat defendant as more than an associate. The franchisee was a corporation, and there is no argument that the corporate structure can be disregarded. "Significant stockholders" in a corporate franchise, are defined as "associates" and not as franchisees. Doc. 1-2, Exh. 1, Sec. 1.

It may be useful to go beyond the briefing, which is rather straight-forward and need not be repeated, to litigation involving the Due Process requirements in cases, like this one, where there are efforts to litigate a franchisor's claim against a franchisee at the franchisor's home state. Such an effort was successful in the Supreme Court, with two dissents, and without purporting to treat all such cases the same way, regardless of the circumstances. Burger King v. Rudzewicz, 471 U.S. 462 (1985). That case, against a full-blown-franchisee, bodes well for Block in litigation against its franchisees. A significant issue, which cuts the other way here, is that the Court found a warning

2

to the franchisee, in the franchise agreement, that suit could be filed at the home office. 471 U.S. at 482, n.24. The ordinary employee of Block, reading the limited waiver here, might conclude that Block disclaimed any intention to bring disputes with him or her before a Missouri court. Justice Brennan's "negative implication" rings loudly here.

Despite the concentration on Missouri cases in the briefing, the jurisdictional issue in this diversity case must be decided as this court would predict a Missouri court would rule in applying the Federal Due Process Clause of the Fourteenth Amendment. Avoiding general principles that may not apply in particular contexts, limited independent research identifies only one case where, as here, there was an effort by a franchisor to bring before a distant court an employee (or assistant) of a franchisee. Aussie Pet Mobile, Inc. v. Benton, 2010 WL 2629556 (C.D. Cal. June 28, 2010). In that case the court examined personal jurisdiction over the wife of the franchisee. As in the situation of Ms. Benton, it is clear that Missouri would not have general jurisdiction over Ms. Krueger. Specific jurisdiction is not established by the many communications Ms. Krueger had with Block or by her signing on, as an associate, to the franchise assignment papers.[2] Ms. Krueger, like Ms. Benton, did come to the franchisor's home state for a training session, where she allegedly was exposed to confidential operational material. In both cases, the franchisor was seeking to enforce an Exclusive Relationship provision in the franchise agreement. Relying somewhat on the fact that

---

[2]The contention that competition will likely damage Block financially here is insufficient. Porter v. Berall, 293 F.3d 1073 (8th Cir. 2002) (affirming dismissal of a legal malpractice case allegedly occurring in Connecticut, where damage allegedly occurred in Missouri). In this case the franchisee presumably would suffer direct damage (and might sue defendant as a third party beneficiary of the non-compete agreement), while Block's loss would presumably be indirect, through loss of revenue from the franchisee.

3

Mr. Benton would be required to defend himself in California, the district judge denied the jurisdictional objection by his wife.

The general analysis in the Aussie case seems sound, but I am not persuaded by the conclusion, and am not inclined to believe that the Missouri courts or the Court of Appeals for the Eighth Circuit would reach the same result. That case may have turned excessively on the practical desirability of a single litigation, which is not applicable here. As noted above, an associate of Block would not expect to be "haled into court" in Missouri, when the franchise agreement gives notice that franchisees can be sued here, and in the same agreement there are references to associates. They presumably were not forgotten when the forum selection provision omitted reference to them.

I reject the view that the training session in Missouri trumps other considerations, and authorizes wholesale use of noncompete issues. Plaintiff has not identified any particulars regarding confidential disclosures at the training session – disclosures that were not already known to Ms. Krueger as a long-time employee of the franchise. At least on the present record, this tail is too feeble to wag the dog.[3]

Considering all the briefing, and the materials presented to the court, I conclude that full litigation of the noncompete claim against Ms. Krueger, a former associate of Block's, cannot proceed here under the Due Process Clause of the Fourteenth Amendment, because of lack of

---

[3]If Block had sued Ms. Krueger to prevent unfair use of what was presented at the training session, quite a strong case could be made for specific jurisdiction. I recognize this is not likely to be a practical hypothesis, especially with the prospect of a separate non-compete litigation in North Dakota.

4

personal jurisdiction over her in Missouri, when her prior legal status was simply as an employee of the North Dakota franchisee.

The motion to dismiss (Doc. 12) is GRANTED.[4]

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

December  30 , 2011

Kansas City, Missouri

---

[4] I will not transfer the case to federal court in North Dakota, partly because further litigation may be avoided by a settlement, previously mentioned as a possibility.